# PARKER HANSKI LLC

40 WORTH STREET, SUITE 602
NEW YORK, NEW YORK 10013
PHONE: 212.248.7400
FAX:      212.248.5600
Contact@ParkerHanski.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  10/25/23
```

October 25, 2023

<u>Via ECF</u>
The Honorable Barbara Moses
United States Magistrate Judge
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**MEMO ENDORSED**

Re:   <u>*Garrison Redd v. 817 Lexington Ave I LLC et al.*
         Docket No. 1:23-cv-02552(JMF)(BCM)</u>

Dear Judge Moses:

    We represent plaintiff Garrison Redd in the above-entitled action. We write jointly with counsel for all the defendants to respectfully ask the Court to adjourn the settlement conference scheduled for November 1, 2023 to a date after December 21, 2023. All parties are available to attend a settlement conference on January 4, 2024 and 8, 2024 if those days are convenient for the Court.

    This is the first request to adjourn the November 1, 2023, settlement conference. As further detailed below, plaintiff's expert must inspect defendants' premises in advance of the settlement conference to engage in informed and substantive settlement discussions.

    As background, plaintiff is an individual with a disability who requires a wheelchair for mobility. Plaintiff alleges that defendants discriminated against him based on disability in violation of Title III of the Americans with Disabilities Act ("ADA") and analogous state and local laws. Plaintiff claims that defendants own, operate, and lease, a place of public accommodation, the Equinox health and fitness club at 817 Lexington Avenue in Manhattan (the "Equinox Club"), to which he alleges they deny him equal access due to his disability. Defendants have denied the allegations as set forth by plaintiff.

    The Equinox Club covers approximately forty-five thousand square feet (45,000 sf) spread across four floors. There are also different use types throughout the Equinox Club's space; for example, weight-lifting areas, group fitness rooms, and locker rooms. Plaintiff requires an inspection of the Equinox Club by his expert to have informed and substantive settlement discussions.

    On September 12, 2023, plaintiff served a Notice to Permit Entry pursuant to Fed. R. Civ. P. 34 (the "R.34 Notice") on defendants. The R.34 Notice stated that plaintiff's expert would

conduct an inspection of the Equinox Club on October 24, 2023. Defendants interposed objections to plaintiff's R. 34 Notice asserting, among other things, that it was overbroad as the notice reserved the right to inspect the building at large (which includes other storefronts that are not relevant to this matter) and failed to provide other necessary information. The parties met and conferred telephonically on October 19, 2023. Plaintiff advised defendants that their objections were without merit (for example, the R.34 Notice limited the inspection's scope in accord with Fed. R. Civ. P. 26(b)) and that the inspection should therefore proceed as scheduled. Defendants disagreed with plaintiff's position, but the parties nevertheless addressed defendants' objections to defendants' satisfaction.

On October 23, 2023, defendants wrote to plaintiff regarding the inspection date and stated they would agree to work with plaintiff on a mutually acceptable date to conduct the inspection. Defendants further informed plaintiff that they will need to coordinate to have their own expert present and—given the scope of the inspection and the nature of Equinox's operations as a fitness club open from early in the morning to late evening—will also need to coordinate with club management on the best available times. They asked plaintiff to provide his and his expert's availability during the weeks of November 6th and 13th.

In response, plaintiff notified defendants that his expert is available to inspect the Equinox Club on November 9, 2023 beginning at 4:00 pm. Defendants are currently seeking to confirm the availability of their expert and the Equinox Club for an inspection at that date and time.

Given the Equinox Club's vast size and different use areas, plaintiff's expert anticipates that it will take 45 days to provide plaintiff with written findings for use at a settlement conference. Presuming defendants confirm that plaintiff can inspect the Equinox Club on November 9, 2023 the parties can attend a settlement conference after December 21, 2023. All parties are currently available on January 4, or 8, 2024. In the event the inspection cannot take place on November 9, 2023, the parties will notify the Court as to the inspection date. If plaintiff's expert is unable to provide its findings prior to the settlement conference due to the inspection date, the parties will need to seek a further adjournment of the settlement conference.

It is therefore respectfully requested that the Court adjourn the November 1, 2023, settlement conference to January 4, or 8, 2024, or another date that is convenient for the Court on or after January 2, 2024.

Respectfully,

Adam S. Hanski

Application GRANTED. The settlement conference scheduled for November 1, 2023, is ADJOURNED to **January 4, 2024 at 2:15pm.** If an additional extension is needed, the parties are to contact the Court no later than December 22, 2023. The parties' updated pre-settlement letters (*see* Dkt. 39 at ¶ 3) are now due no later than December 28, 2023. The pre-settlement conference call scheduled for October 26, 2023, is ADJOURNED sine die. SO ORDERED.

Barbara Moses
United States Magistrate Judge
October 25, 2023